UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - X
                                 :
UNITED STATES OF AMERICA         :   **SEALED INDICTMENT**
                                 :
         - v. -                  :   21 Cr.
                                 :
JOSHUA BURRELL,                  :
                                 :   **21 CRIM 663**
         Defendant.              :
                                 :
- - - - - - - - - - - - - - - - X

## COUNT ONE

### (Securities Fraud)

The Grand Jury charges:

### RELEVANT PARTIES

1.  At all times relevant to this Indictment, Activated Capital, LLC ("Activated Capital") was an investment firm headquartered in Manhattan, New York. Activated Capital managed certain Opportunity Funds, which are vehicles for investments in real estate properties located in economically distressed areas that have been certified as Opportunity Zones by the U.S. Department of the Treasury. The Opportunity Funds managed by Activated Capital included the Activated Capital Opportunity Zone Fund II, LLC (the "Activated Capital OZ Fund"); the Activated Tax Advantaged Opportunity Zone Fund, LLC ("Activated Tax Advantaged OZ Fund"); and the Activated Coatesville Impact Fund, LLC (the "Activated Coatesville Fund"). In some respects, the Activated

Capital OZ Fund and Activated Tax Advantaged OZ Fund (together, the "Activated OZ Funds" of the "Funds") operated as a single investment fund. For example, investors in both Activated OZ Funds were generally instructed to wire their investments to a bank account in the name of the Activated Tax Advantaged OZ Fund, which functionally served as the primary operating account for both Activated OZ Funds.

2.   JOSHUA BURRELL, the defendant, was a founder and managing partner of Activated Capital and exercised primary control over the finances and investment decisions relating to the Activated OZ Funds.

### THE SCHEME TO DEFRAUD

3.   From at least in or about 2019 through in or about 2021, JOSHUA BURRELL, the defendant, sought to obtain tens of millions of dollars of investments in the Activated OZ Funds based on fraudulent representations, including pursuant to an intended $75 million offering of limited partnership interests.

### Ponzi-Like Activity

4.   JOSHUA BURRELL, the defendant, promoted the Activated OZ Funds as a vehicle to generate what he termed a "double bottom line" for investors, combining financial returns — such as "consistent and stable cash flows" through a targeted 8% annual distribution — with the social benefits created by investing in economically distressed Opportunity Zones.

5. Pursuant to private placement memoranda and marketing material for the Activated OZ Funds, and in communications with individual investors, JOSHUA BURRELL, the defendant, represented, in substance, that money invested in the Activated OZ Funds would be used to purchase real estate properties in Opportunity Zones and that investors would receive distributions out of the Funds' "net available cash from operations," including the income generated from the Funds' real estate investments. As BURRELL stated in an email to the adviser for one prospective investor ("Investor-1") on or about November 9, 2019, "it's only the [Funds'] net profits that are distributed to our investors."

6. In fact, contrary to these representations, in a manner akin to a Ponzi scheme, JOSHUA BURRELL, the defendant, caused the Activated OZ Funds to use a substantial portion of investors' funds to pay putative distributions in amounts greater than the cash available from rental income and other operations. For example, as of BURRELL's November 9, 2019 email to Investor-1's adviser discussed above, the Activated OZ Funds had received only approximately $2,440 in real estate investment income but paid more than twice that amount in ostensible distributions, in part using investor funds.

7. Moreover, from the inception of the Activated OZ Funds in 2019 through approximately February 2021, JOSHUA BURRELL, the defendant, caused the Funds to pay putative investor distributions

3

totaling approximately $470,000, which was substantially greater than the real estate investment income received during that period and more than the net available cash from operations. BURRELL used investor funds to make up some of the difference, which was contrary to guidance that he received from accounting and tax professionals, as well BURRELL's own representations to investors. This made it falsely appear to current and prospective investors that the Activated OZ Funds were generating sufficient income to pay their targeted 8% annual distributions, which in fact was false.

### Additional False Statements to Investors

8. In addition to misrepresentations concerning the source of payments to investors, JOSHUA BURRELL, the defendant, falsely inflated Activated Capital's assets under management and the amount of capital raised for the Activated OZ Funds. As one example, on or about December 14, 2019, an individual ("Investor-2) made a $3 million investment in the Activated OZ Funds. Prior to this investment, BURRELL falsely told Investor-2 that the Activated OZ Funds had raised at least approximately $7 million when, in truth, the Activated OZ Funds had raised only approximately $1,020,000.

9. In or about April 2020, JOSHUA BURELL, the defendant, caused Investor-2, who was then a member of the Activated Capital general partnership, to unwittingly provide false information in

4

response to an inquiry from a prospective limited partner in the Activated OZ Funds ("Investor-3"). BURRELL falsely claimed the Activated OZ Funds' assets under management were "just under $20MM, which was substantially inflated. Approximately one day after receiving this false information, Investor-3 committed $250,000 to the Activated OZ Funds.

10. From approximately January 2019 through July 2019, JOSHUA BURRELL, the defendant, sent letters to prospective investors falsely stating that the Activated OZ Funds would be custodied through an entity (the "Custodian"), which BURRELL described as an affiliate of "the industry's largest clearing provider, with a 70-year track record" and "more than $1 trillion in assets under custody." In fact, however, the Activated OZ Funds have never had a business relationship with the Custodian.

### Fabrication of Documents

11. To attract additional investment capital for the Activated OZ Funds, JOSHUA BURRELL, the defendant, sought to establish a partnership with a boutique investment bank headquartered in Manhattan ("Company-1"). As part of the diligence process required for Company-1 to solicit investors for the Activated OZ Funds, in or about November 2019, a representative of Company-1 asked BURRELL to provide, among other things, "audited or unaudited financials" and "[b]acking to show current fund proceeds/acquisitions made."

12. In response to Company-1's requests, JOSHUA BURRELL, the defendant, fabricated documents, including the following, to make it appear that the Activated OZ Funds were more successful, owned more properties, and in better financial condition than was actually the case:

    a. BURRELL fabricated bank statements for an account belonging to the Activated Tax Advantaged OZ Fund to falsely inflate its monthly balances. These fake bank statements made it appear that, for the period July 2019 through October 2019, Activated Tax Advantaged OZ Fund had ending monthly account balances of between approximately $2,094,450 and $2,463,100, when the actual account statements for that period showed ending monthly balances of between only $116,369 and $154,399.

    b. BURRELL also fabricated "Final Buyer's Statements" purporting to show the purchases of nine properties in Detroit, Michigan by an entity affiliated with Activated Capital. In fact, none of these transactions took place, and neither Activated Capital nor its affiliates owned any of the nine properties.

13. On or about November 14, 2019, JOSHUA BURRELL, the defendant, sent an email to Company-1's representative attaching the fabricated bank statements and real estate statements discussed above as supporting documentation in response to Company-1's diligence requests. BURRELL also attached a letter that he signed, falsely inflating Activated Capital's assets under

6

management.

## Misappropriation of Investor Funds

14. In addition to the false and misleading statements and Ponzi-like activity described above, JOSHUA BURELL, the defendant, misappropriated a portion of assets belonging to the Activated OZ Funds for his personal benefit. For example, in 2019, BURRELL caused the withdrawal of at least approximately $55,000 from the Activated OZ Funds, in eleven equal installments of $5,000 each, to pay personal expenses, including rent for his apartment in Manhattan. After an accounting professional engaged by Activated Capital asked for more detail regarding the purpose of these and other withdrawals, BURRELL revised the Activated OZ Funds' books and records to falsely describe the withdrawals as reimbursements for property improvement expenses.

## Statutory Allegation

15. From at least in or about 2019 through in or about 2021, in the Southern District of New York and elsewhere, JOSHUA BURRELL, the defendant, willfully and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce, and of the mails, and of the facilities of national securities exchanges, used and employed, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by (a) employing devices, schemes

and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices and courses of business which operated and would operate as a fraud and deceit upon persons, to wit, as set forth above, BURRELL, acting through Activated Capital, solicited investments in Opportunity Funds through fraudulent misrepresentations, and after obtaining investor funds, misappropriated those funds for unauthorized uses, including putative distribution payments to other investors and personal expenditures.

(Title 15, United States Code, Sections 78j(b) and 78ff;
Title 17, Code of Federal Regulations, Section 240.10b-5;
Title 18, United States Code, Section 2.)

## COUNT TWO
### (Wire Fraud)

The Grand Jury further charges:

16. The allegations set forth in paragraphs 1 through 14 of this Indictment are repeated, realleged, and reincorporated by reference as if fully set forth herein.

17. From at least in or about 2019 through in or about 2021, in the Southern District of New York and elsewhere, JOSHUA BURRELL, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent

8

pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, BURRELL, acting through Activated Capital, used fraudulent representations to solicit and attempt to solicit investments in Opportunity Funds, both directly and through third parties, including Company-1, and used emails, interstate telephone calls, and interstate transfers of funds in furtherance of his scheme.

(Title 18, United States Code, Sections 1343 & 2.)

### COUNT THREE
### (Aggravated Identity Theft)

The Grand Jury further charges:

18. The allegations contained in paragraphs 1 through 14 and 17 of this Indictment are repeated and realleged as if set forth fully herein.

19. On or about November 14, 2019, JOSHUA BURRELL the defendant, sent fabricated "Final Buyer's Statements" to Company-1 by email to make it falsely appear that Activated Fund Holdings, LLC, an affiliate of Activated Capital, had acquired approximately nine properties in Detroit, Michigan that it did not, in fact, own. The fabricated statements contained the names and signatures of two individuals: (i) an authorized

9

agent for a firm listed as the seller of the properties ("Person-1"); and (ii) a notary public licensed in the state of Michigan ("Person-2").

20. JOSHUA BURRELL, the defendant, sent the fabricated "Final Buyer's Statements" in response to Company-1's request for documentation of Activated Capital's real estate acquisitions, which Company-1 wished to evaluate before forming a business partnership with Activated Capital and soliciting investors for the Activated OZ Funds.

21. In or about November 2019, in the Southern District of New York and elsewhere, JOSHUA BURRELL, the defendant, knowingly did transfer, possess, and use, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, the defendant unlawfully possessed, used, and transferred the names and signatures of Person-1 and Person-2 in connection with the commission of the wire fraud offense charged in Count Two of this Indictment.

(Title 18, United States Code, Sections 1028A and 2.)

### FORFEITURE ALLEGATION

22. As a result of committing the offenses alleged in Count One and Count Two of this Indictment, JOSHUA BURRELL, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United

States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense.

### Substitute Assets Provision

23. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the

defendant up to the value of the forfeitable property described above.

(Title 18, United States Code, Section 981;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)


_____          _____
FOREPERSON                              DAMIAN WILLIAMS
                                        United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

JOSHUA BURRELL,

Defendant.

**SEALED INDICTMENT**

21 Cr.

(15 U.S.C. §§ 78j(b), 78ff; 17 C.F.R. § 240.10b-5; and 18 U.S.C. §§ 1028A, 1343 & 2.)

DAMIAN WILLIAMS
United States Attorney

A TRUE BILL

_____
Foreperson

11/1/2021
NE

Sealed Indictment Filed
Arrest warrant Included

Sarah Cave
U.S.M.J