UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12·7·21

UNITED STATES OF AMERICA

- v. -

JOSHUA BURRELL,

          Defendant.

**Protective Order**

**21 Cr. 663 (LAK)**

       Upon the application of the United States of America, with the consent of the defendant through the undersigned counsel, and the defendant having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

       1. **Disclosure Material.** The Government will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy, confidentiality, and business interests of individuals and entities not named as parties in this case; (ii) would risk prejudicial pretrial publicity if publicly disseminated; and (iii) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

       2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," contains information that identifies, or could lead to the identification of individual victims, or contains sensitive financial information and identifiers, such as tax returns, bank accounts, and social security numbers. The Government's designation of material as sensitive disclosure material will be controlling absent contrary order of the Court.

3. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**Accordingly it is hereby Ordered:**

4. Disclosure material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

5. Disclosure material may be disclosed by defense counsel to:

(a) The defendant;

(b) Personnel for whose conduct that defense counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; and

(d) Prospective witnesses, and their counsel, for purposes of defending this action.

8. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further order of this Court.

9. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, sensitive disclosure material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

## Return or Destruction of Material

13. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

## Retention of Jurisdiction

14. The provisions of this Order shall not terminate at the conclusion of this prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

15. Terminate Dkt 13. [handwritten]

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____     Date: 12/6/2021
Daniel Loss / Alexander Rossmiller
Assistant United States Attorneys

Todd A. Spodek                                    Date: 12/1/2021
ID w7Y3L8rgHj9Jy7cVdXHdhcWJ

Todd A. Spodek, Esq.
Counsel for JOSHUA BURRELL

SO ORDERED:

Dated: New York, New York
       12/7    , 2021

_____
HONORABLE LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE

3